UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

ALEX ARCENEAUX

CIVIL ACTION NO. 3:11-cv-00423 SDD-SCR

VERSUS

JUDGE SHELLY D. DICK

LEXINGTON INSURANCE
COMPANY, ET AL.

MAGISTRATE STEPHEN C. RIEDLINGER

## RULING ON PLAINTIFF'S MOTION TO EXCLUDE EXPERT TESTIMONY (REC. DOC. NO. 26)

Before the Court is Plaintiff's motion to exclude opinion testimony of Mr. Allen Crane (Rec. Doc. No. 26), a vocational rehabilitation expert identified by the Defendants. Plaintiff moves to exclude the opinions of Mr. Crane pursuant to *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579 (1993).

The principal reason urged by the Plaintiff for exclusion of Mr. Crane is based on the proffered opinion of the Plaintiff's vocational rehabilitation expert that Mr. Crane has allegedly improperly applied the dictionary of occupational titles. Defendants establish that Mr. Crane has been a licensed vocational rehabilitation counselor practicing in that field since 1992. Questions relating to the bases and sources of an expert's opinion may affect the weight of the expert's opinion or whether or not the expert's opinion carries the day, however, those matters are best left to the sound consideration of the jury. United States v. 14.38 Acres of Land, 80 F.3d 1074, 1077 (5th Cir. 1996); Huss v. Gayden, 571 F.3d 442, 454 (5th Cir. 2009).

The jury is the arbiter of disputes between conflicting expert opinions. The Court finds that the Plaintiff's motion is in reality a disagreement between the two expert witnesses. As

such, which expert's opinions deserve greater weight is left to the province of the jury. <u>14.38 Acres of Land</u>, 80 F.3d at 1077.

For the reasons stated herein, the Plaintiff's *Motion in Limine* to exclude opinion testimony by Mr. Crane is DENIED.

Baton Rouge, Louisiana the 4 day of June, 2013.

*Shelly Dick*
SHELLY D. DICK, DISTRICT JUDGE
MIDDLE DISTRICT OF LOUISIANA