UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| ALEX ARCENEAUX | CIVIL ACTION NO. 3:11-cv-00423 |
| VERSUS | JUDGE SHELLY D. DICK |
| LEXINGTON INSURANCE COMPANY, ET AL. | MAGISTRATE STEPHEN C. RIEDLINGER |

## RULING AND ORDER ON MOTIONS IN LIMINE

Before the Court are Defendants James E Chancellor, Vacuum Truck Rental, LLC, and Lexington Insurance Companies' *Motions in Limine* to exclude opinion testimony of Plaintiff's vocational rehabilitation expert, Scott Smith[1], and Plaintiff's economist, Dr. Randolph Rice[2]. After considering the law and argument of counsel, and for the reasons herein, the Court DENIES both Motions.

I. **MOTION TO EXCLUDE OPINION TESTIMONY OF SCOTT SMITH**

Defendants move to exclude opinion testimony of Plaintiff's vocational rehabilitation expert, Scott Smith. Defendants challenge the assumptions relied upon by Dr. Smith. Defendants contend that Smith: (1) ignored the totality of the Plaintiff's comprehensive wage earning history; (2) improperly assumed that the Plaintiff would have been capable of earning wages greater than the 90th percentile of wage earners in the Plaintiff's occupation; and (3) arbitrarily dismissed potential job opportunities given identified transferable skills.

---

[1] Rec. Doc. No. 54.
[2] Rec. Doc. No. 55.

In this diversity case, Louisiana substantive law applies. With respect to Plaintiff's alleged diminished earning capacity, the Louisiana Supreme Court has recognized that "what the plaintiff earned before and after the injury does not constitute the measure" of the loss.[3] Damages should be estimated on the injured person's ability to earn money, rather than what he/she actually earned before the injury.[4] The Court is persuaded that the Plaintiff's pre-injury change from a contract trucker to a W-2 employee as a trucker is a relevant factor in Plaintiff's wage earning history and the determination of his earning capacity. The Court is not convinced that Dr. Smith's opinions are not sufficiently tied to the underlying facts[5]. Rather, it is for the trier of fact to decide what weight to give Dr. Smith's opinions, and his assumptions are best tested by cross-examination and presentation of contrary evidence.

Likewise, regarding Dr. Smith's opinion regarding re-employment opportunities available to the Plaintiff, the Court is not convinced that Smith's opinions are not sufficiently tied to the underlying facts. The ability to return to work after an injury is not solely a function of the available job market. Other considerations include the injured person's medical disability or limitations and restrictions, the effect of medications on the ability to perform transferrable skills, and the injured person's cognitive capacities. Whether Smith's job market opportunity assumptions are flawed is a matter for cross-examination and goes to the weight to be given by the trier of fact. For these reasons,

---

[3] *Hobgood v. Aucoin*, 574 So.2d 344 (La.1990).
[4] *Id.*
[5] An expert's opinion testimony should be sufficiently tied to the facts of the case so that it will assist the trier of fact. *Scardina v. Maersk Line, Ltd.*, CIV.A. 00-1512, 2002 WL 1585566 (E.D. La. July 15, 2002), citing *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 113 S.Ct. 2786 at 2795 (1993).

the Defendants' *Motion in Limine to Exclude and/or Limit Testimony of Scott Smith*[6] is DENIED.

## II. MOTION TO EXCLUDE OPINION TESTIMONY OF DR. RANDOLPH RICE

Defendants state that they "do not contest Dr. Rice's methodology in calculating past and future loss of earning capacity."[7] Rather, Defendants move to exclude Dr. Rice's opinion testimony on the grounds that the underlying assumptions used by Dr. Rice are based on allegedly "flawed calculations performed by Scott Smith."[8]

"It is the provenance of the Court to assure that an expert's testimony is not based on evidence that is speculative or conjectural, but is sufficiently tied to the facts of the case so that it will actually assist the trier of fact in resolving a factual dispute or to understand the evidence."[9] However, as noted in *Daubert* "vigorous cross-examination, presentation of contrary evidence, and careful instruction on the burden of proof are the traditional and appropriate means of attacking shaky but admissible evidence."[10] In this case, Defendants will offer a countervailing opinion of Dr. Kenneth Boudreaux, whom the Defendants argue employed more accurate assumptions to calculate the Plaintiff's alleged income loss. The Court concludes that the credibility and the amount of weight that should be applied to the opinions of the countervailing experts are better left to the consideration of the trier of fact. Accordingly the Defendants' *Motion in Limine to Exclude and/or Limit Testimony of Dr. Randolph Rice*[11] is DENIED.

For the reasons herein,

---

[6] Rec. Doc. No. 54.
[7] Rec. Doc. No. 55-2, p. 2.
[8] *Id.*
[9] *Scardina v. Maersk Line, Ltd.*, CIV.A. 00-1512, 2002 WL 1585566 (E.D. La. July 15, 2002), citing *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 113 S.Ct. 2786 at 2795 (1993).
[10] 509 U.S. at 596 at 579.
[11] Rec. Doc. No. 55.

**IT IS ORDERED, ADJUDGED, AND DECREED** that Defendants' *Motion in Limine to Exclude and/or Limit Testimony of Scott Smith* (Rec.Doc.54), and Defendants' *Motion in Limine to Exclude and/or Limit Testimony of Dr. Randolph Rice* (Rec.Doc.55) are hereby DENIED.

Baton Rouge, Louisiana the 30 day of October, 2013.

SHELLY D. DICK, DISTRICT JUDGE
MIDDLE DISTRICT OF LOUISIANA