UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

ALEX ARCENEAUX

CIVIL ACTION

VERSUS

NO.: 11-423-SDD-SCR

LEXINGTON INSURANCE COMPANY,
JAMES E. CHANCELLOR, AND VACUUM
TRUCK RENTAL, LLC

## RULING

Defendants move for reconsideration of this Court's *Ruling* excluding expert opinion testimony from the Defendants' accident reconstruction expert, Todd Hoover. Defendants move for reconsideration under Rule 59(e) on the grounds of manifest error of fact or law or to prevent manifest injustice. The Court has reviewed the record and, for the reasons stated herein, declines to reconsider its original *Ruling*. The Court's *Ruling*[1] granting the Plaintiff's *Motion to Exclude* opinion testimony by Todd Hoover shall remain in effect and the Court's prior reasons, orally assigned, are hereby supplemented as follows.

This case presents a dispute of fact not uncommon in motor vehicle collision cases. Namely, did the lead driver (in this case, Defendant Chancellor) merge into traffic without sufficient time and distance for the following vehicle (in this case, Plaintiff Alex Arceneaux) to avoid the impact, or did the following vehicle have sufficient time and distance to observe and react to the entering motorist but failed to do so.

The parties retained competing experts to provide opinion testimony in the field of accident reconstruction. The location of the initial impact on the subject vehicles is the critical fact in dispute. The Plaintiff contends that the right front tire of the Plaintiff's

---

[1] Rec.Doc. 59.

trailing vehicle impacted with the left front tire of the Defendant's leading vehicle, evidence that Chancellor pulled out in front of Arceneaux. The Plaintiff's proposed expert[2] candidly admitted in his report that:

> I can offer the Trier of Fact no science based insight that would assist in affirming or debunking the testimony provided with respect to the location of the two vehicles on the surface of I-10 Westbound when the first impact occurred.

On the other hand, Defendants' proffered expert, Todd Hoover, offers the opinion that the point of impact between the 2 vehicles was the following driver's front right wheel and the leading driver's left rear wheel, evidence that Arceneaux rear-ended Chancellor.

The Court recognizes that Mr. Hoover is well qualified by education, experience and training to perform accident reconstructions generally. However, Mr. Hoover conceded at the *Daubert* hearing that the usual methodologies employed in accident reconstruction were not used in this case because there was an absence of underlying data captured by the investigating officer that would permit a traditional time, distance, and speed analysis to determine the point of impact. This objective data was unavailable because it was not captured by the investigating officer.

Plaintiff's proposed expert, Dean Tekell, observed that, "deflated tires would have left witness marks on the pavement as the trucks travelled from the point of impact to their final points of rest."[3] However, these "witness marks" were not recorded by the investigating officer. Likewise, damaged product from the Defendant's flatbed resulting from the impact would have left witness marks in the roadway. This physical evidence

---

[2] V.O. "Dean" Tekell, Jr.
[3] Tekell Report, p. 5, Rec. Doc. 62.

was likewise not recorded by the investigating officer.[4] In the absence of this physical evidence, Mr. Hoover relied extensively on photographs of the damages[5] to the vehicles to try to determine the point of initial impact on the vehicles. The gravamen of Hoover's opinion is that "damage documented on the on-scene post-crash photographs revealed damage indicative of the vacuum truck being struck by another vehicle from behind".[6] In the Court's view, because objective underlying data was scant Hoover turned to subjective data (photographs of damage[7]) as the foundational underpinnings for his opinions. In the face of the scant physical evidence available from the scene, Hoover relied principally on post-crash photographs of the damages to the vehicles to formulate his opinion of the alignment of the vehicles at the time of impact.[8]

Rule 702 lays out the test for admissibility of expert testimony. If scientific, technical, or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue, a witness qualified as an expert by knowledge, skill, experience, training, or education, may testify thereto in the form of an opinion or otherwise, if (1) the testimony is based upon sufficient facts or data, (2) the testimony is the product of reliable principles and methods, and (3) the witness has applied the principles and methods reliably to the facts of the case.

---

[4] Id.
[5] Notably, Hoover was unable to make a "direct examination" of the vehicles in their post-crash damaged state because they had been repaired by the time he was engaged. In fact, some of the photographs relied upon by Mr. Hoover were taken after repairs had been made to the vehicles. Hoover report, Rec. Doc. 62.
[6] Hoover Report, p. 6, Rec. Doc. 62.
[7] Which are necessarily subject to interpretation by the viewer.
[8] The Court acknowledges that Hoover utilized a CAD program to prepare renderings of the repaired and/or undamaged vehicles at issue and then used the CAD drawings to depict his opinion of the post-impact trajectory of the vehicles. However, the post-impact trajectory is dependent upon the point of initial impact. (Hoover Report, p. 15, Rec. Doc. 62). The use of a CAD program to render drawings of the supposed post-impact trajectory does not change the fact that Hoover's foundational opinion as to the point of the initial impact is based almost exclusively on the damages to the vehicles shown in post-crash photographs.

Upon further review of the record and the written opinion of Todd Hoover, the Court concludes that there are insufficient facts and data to support a scientific opinion regarding the likely point of impact between the vehicles in this case. Unaided by competing opinions of experts, the Court finds that the trier of fact can listen to the accounts of witnesses, including at least one eye witness to the events, and view the photographic evidence of the damage to the vehicles and draw reasonable conclusions about the point of impact based on the facts. Thus, opinion testimony will not assist the trier of fact. The Fifth Circuit instructs that expert testimony should be excluded if the court finds that "the jury could adeptly assess [the] situation using only their common experience and knowledge."[9] According to the Advisory Committee Notes to Rule 702, "whether the situation is a proper one for the use of expert testimony is to be determined on the basis of assisting the trier." The requirement that opinion testimony "assist the trier of fact" means the evidence must be relevant.[10] Rule 401 defines relevant evidence as that which has "any tendency to make any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence."[11]

The point of impact between the two vehicles in this case is a "fact that is of consequence to the determinations". However, without sufficient facts and data upon which to base an opinion, the proffered opinion would serve more to confuse the trier of fact than to aid the trier of fact. The Court finds that opinion testimony, derived largely

---

[9] *Peters v. Five Star Marine Serv.*, 898 F.2d 448, 450 (5th Cir.1990); *Marshall v. Supreme Offshore Servs., Inc.*, #10-3198, 2011 WL 6258487 (E.D. La. Dec. 15, 2011).
[10] *Daubert v. Merrell Dow Pharm., Inc.*, 509 U.S. 579, 591, 113 S.Ct. 2786, 125 L.Ed.2d 469 (1993).
[11] Fed.R.Evid. 401.

from the photographs of the damages to the vehicles, would "intrude upon the domain of common sense matters for which the [trier of fact] requires no expert assistance."[12]

For these reasons, and for the reasons previously orally assigned, the Plaintiff's *Motion in Limine*[13] is GRANTED and the opinion testimony of Todd Hoover shall be excluded at trial.

Baton Rouge, Louisiana this 11 day of December, 2013.

SHELLY D. DICK, DISTRICT JUDGE
MIDDLE DISTRICT OF LOUISIANA

---

[12] *Marshall v. Supreme Offshore Servs., Inc.*, CIV.A. 10-3198, 2011 WL 6258487 (E.D. La. Dec. 15, 2011).
[13] Rec. Doc. 25.